1  ROBERT JOSEPH PIA (SBN: 115179)
   LAW OFFICES OF ROBERT PIA 235
2  PINE STREET FL 15
   SAN FRANCISCO, CA 94104
3  Telephone:  415-743-2898
   Voice Mail:  415 230-2733
4  Facsimile:   720-367-0521
   Email:       pialaw@earthlink.net
5
   Attorney for Defendant
6  C&H SUGAR COMPANY, INC.

7
                        UNITED STATES DISTRICT COURT
8
                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

10

11 | JOHN HOLMAN, an individual,          | CASE NO.
12 |                        Plaintiff,    |
13 |         v.                           | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b)**
14 | C&H SUGAR COMPANY, INC., a           | **(DIVERSITY OF CITIZENSHIP)**
15 | Delaware Corporation and DOES 1-35, inclusive,
16 |                        Defendants.   |

17

18
       TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE
19
   NORTHERN DISTRICT OF CALIFORNIA:
20
       PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1441(b), defendant C&H SUGAR
21
   COMPANY, INC. ("C&H") hereby removes to the above-entitled Court the state court action
22
   described below.
23
       1.  On July 23, 2020, this action was commenced in Superior Court of California in
24
   the County of Contra Costa, Case No. C20-01383. A copy of Plaintiff's Complaint for Damages
25
   ("Complaint") is attached hereto as Exhibit A.
26
       2.  The first date C&H received a copy of the Complaint was July 28, 2020 when the
27
   registered agent for service of process for C&H was served with the Complaint, Summons
28

(attached hereto as Exhibit B), Civil Case Cover Sheet (attached hereto as Exhibit C), and Notice of Case Management Conference (attached hereto as Exhibit D).

3. On August 25, 2020, C&H served plaintiff and submitted to the state court clerk's office for filing an Answer to Plaintiff's Complaint for Damages, a copy of which is attached hereto as Exhibit E.

4. This is a civil action in which C&H is accused of violating plaintiff's employment and civil rights based on his disabilities pursuant to the California Fair Employment and Housing Act, California Government Code §§12940 et. seq., and the common law of wrongful constructive termination. This Court has original jurisdiction over the subject matter of this action pursuant to U.S.C. §1332, and this civil action may be removed pursuant to 28 U.S.C. §§1441(b) and 1446(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, because plaintiff alleges against C&H[1]:

a. "economic damages in earnings and other employment benefits" [Complaint, ¶¶ 27, 38, 48, *passim*], which according to his attorney's October 23, 2019 prelitigation settlement demand in the total amount of $385,000 (attached hereto as Exhibit F), includes plaintiff's loss of his job on May 1, 2019, which paid plaintiff "approximately $100,000 annually", plus "a full package of benefits" (for plaintiff and his family), plus "a 401(k) with employer's contributions"; and when plaintiff ultimately found replacement employment in mitigation, "he was forced to take a job" that pays one-third less than he earned at C&H "with no benefits";

b. "non-economic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation," plus "hypoglycemic"; [Complaint, ¶¶ 28, 49, 58, *passim*];

c. "exemplary and punitive damages" as to all seven of plaintiff's separate causes

---

[1] C&H cites to plaintiff's allegations herein solely for purposes of establishing that removal to this Court is proper; in doing so C&H does not concede that plaintiff has any cause of action or is entitled to recover any damages from C&H.

of action;[2] [Complaint, ¶¶ 31, 41-42, *passim*];

      d. "attorneys' fees pursuant to *Government Code* §12965";[3] [Complaint, ¶¶ 32, 43, 53, *passim*]; plaintiff asserted in his pre-litigation settlement demand that his $385,000 demand "would increase significantly" if plaintiff were "forced to file suit" because "this would be a 'fees' case." (Exhibit F). *See, Fritsch v. Swift Transp. Co.* (9th Cir. 2018) 899 F3d 785, 794.

Settlement demands may be used to evidence satisfaction of requirements for diversity subject matter jurisdiction in federal court. *Cohn v. Petsmart, Inc.* (9th Cir. 2002) 281 F3d 837, 840 & fn 3 (string citations omitted) – settlement letter alone held to satisfy amount in controversy requirement of $75,000 for removal to federal court. *Cohn v. Petsmart, supra.,* 281 F3d at 839-840.

    5.    Complete diversity of citizenship exists in that:

      a. Plaintiff John Holman is a citizen of the State of Nevada, where he moved after his employment with C&H and became employed by a contractor in Carson City, as confirmed by plaintiff's attorney in his October 23, 2019 prelitigation settlement demand (Exhibit F). On May 17, 2020, plaintiff stated on his Facebook page that he was: "Loving it out here in NV." Further, he identified the names of his wife and one of his children on his Facebook page, which correspond to the same names in plaintiff's employment records at C&H. On August 2, 2020, days after plaintiff filed his Complaint, plaintiff's Facebook page stated he: "Lives in Gardnerville Ranchos, Nevada" (Exhibit G), which is proximate to Carson City, NV.[4] The

---

[2] Plaintiff seeks these damages which, according to the standard formulation, are to be calculated in an amount sufficient to punish and make an example of the defendant. C&H is a company whose products, in both brand name and generic forms, are ubiquitous; it is not reasonably subject to dispute that plaintiff's claim for exemplary and punitive damages more likely than not exceeds the $75,000 amount in controversy requirement for diversity jurisdiction.

[3] Plaintiff makes a Demand for Jury Trial [Complaint, p. 16]. Recovery of reasonable attorney fees is separately listed from "costs" under *Government Code* Section 12965(b). It is not reasonably subject to dispute that plaintiff's claim for an award of attorney fees, with a *minimal* course of the pleadings phase, disclosures, status reporting to the Court, motion practice (either pre-trial or trial), and a jury trial more likely than not exceeds $75,000.

[4] Plaintiff's Complaint alleges "at all relevant times" he was residing in the County of Los Angeles, CA, which is erroneous. He lived proximate to C&H's Crockett, CA refining plant while employed at C&H. If he were to live in CA now, there would still be complete diversity.

Facebook page of plaintiff's wife stated she also lives in Gardnerville, Nevada. (Exhibit H) The location of plaintiff's residence, work, and family demonstrates his citizenship in Nevada. *See, e.g., Mondragon v. Capital One Auto Finance* (9th Cir. 2013) 736 F3d 880, 885-886.

        b. Defendant C&H is a citizen of the State of Delaware, where C&H is incorporated [Complaint, ¶2], and the State of Florida, where C&H maintains its principal place of business in West Palm Beach and where C&H's officers and directors make the company's significant corporate decisions and corporate policy, and from where the company's business activities are directed, including strategic decisions, product development, exporting, production, research, corporate services, and nationwide operation and control of the Human Resources, Information Technology, Legal, and Finance Departments.[5] *See, e.g., Hertz Corp. v. Friend* (2010) 559 U.S. 77, 80-81, 92-95; *Harris v. Rand* (9th Cir. 2012) 682 F.3d 848, 851.

6.    C&H is the only defendant that has been named, and the only defendant served with the Summons and Complaint, in this action.

7.    A Notice to Plaintiff of Removal, with this Notice attached, will be contemporaneously served on plaintiff and filed with the Superior Court of the State of California, in and for the county of Contra Costa.

Dated:  August 26, 2020            LAW OFFICES OF ROBERT PIA

                                      By:  */s/ Robert Joseph Pia*
                                          ROBERT JOSEPH PIA
                                          Attorneys for Defendant
                                          C&H SUGAR COMPANY, INC.

---

[5] The Complaint accurately alleges C&H is qualified to do business and doing business in CA, County of Contra Costa [Complaint, ¶2], but C&H's nerve center is in Florida. C&H's plant manager in Crockett is the highest-level employee in CA and he is not a corporate officer.

4

**NOTICE OF REMOVAL OF ACTION– CASE NO.**