# EXHIBIT A

Douglas N. Silverstein, Esq. (SBN 181957)
Lauren Morrison, Esq. (SBN 266135)
KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.
9255 Sunset Boulevard, Suite 411
Los Angeles, California 90069-3309
Telephone: (310) 273-3180
Facsimile: (310) 273-6137
dsilverstein@californialaborlawattorney.com
lmorrison@californialaborlawattorney.com

Attorneys for Plaintiff JOHN HOLMAN

FILED
2020 JUL 23 P 3 30
KATE BIEKER
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA
BY: ______ DEPUTY CLERK
PER LOCAL RULE, THIS CASE IS ASSIGNED TO DEPT 33, FOR ALL PURPOSES

COPY

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF CONTRA COSTA**

SUMMONS ISSUED

| | |
|---|---|
| JOHN HOLMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>C&H SUGAR COMPANY, INC., a Delaware Corporation and DOES 1 through 35, inclusive,<br><br>Defendants. | **CASE NO.** C20-01383<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>**1. Disability Discrimination in Violation of FEHA;**<br>**2. Failure to Engage in a Good Faith Interactive Process in Violation of FEHA;**<br>**3. Failure to Accommodate in Violation of FEHA;**<br>**4. Harassment in Violation of FEHA;**<br>**5. Retaliation in Violation of FEHA;**<br>**6. Failure to Maintain an Environment Free From Discrimination and Retaliation; and**<br>**7. Wrongful Constructive Termination in Violation of Public Policy**<br><br>**PUNITIVE DAMAGES**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**UNLIMITED JURISDICTION** |



9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

Plaintiff JOHN HOLMAN, an individual, alleges as follows:

1. Plaintiff JOHN HOLMAN (Plaintiff") is, and at all times relevant to this Complaint was, an individual residing in the County of Los Angeles, State of California.

2. Defendant C&H SUGAR COMPANY, INC. ("C&H", "Defendant" or, collectively with all Defendants and DOES "Defendants") is, and at all times relevant to this Complaint was, a corporation organized and existing under the laws of the State of Delaware, qualified to do business and is doing business in the County of Contra Costa, State of California.

3. Plaintiff does not know the true names or capacities of the Defendants sued as DOES 1 through 35, inclusive. Thus, Plaintiff sues these Defendants under fictitious names. When their true names and capacities have been ascertained, Plaintiff will amend this Complaint. Plaintiff is informed and believes, and based thereon alleges, that the fictitiously named Defendants were the agents, servants, and employees of each of the named Defendants and, in doing the acts and things alleged, were at all times acting within the course and scope of that agency, servitude, and employment and with the permission, consent, and approval, or subsequent ratification, of each of the named Defendants. Reference to "Defendants" includes the named Defendant and the DOE Defendants.

4. Plaintiff is informed and believes, and based thereon alleges, that at all material times, each of the Defendants was the agent and/or employee of each of the remaining Defendants, and each of them, and was at all material times acting within the purpose and scope of such agency and employment.

5. Plaintiff is informed and believes, and based thereon alleges, that at all material times, one or more of each named and/or unnamed Defendants was in some fashion, by contract or otherwise, the predecessors, affiliates, alter egos, assigns, joint-venturers, co-venturers or partners of one or more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting within that capacity.

6. Plaintiff is further informed and believes, and on that basis alleges that one or more of the remaining named and/or unnamed Defendants are the successors of one or more of the remaining named and/or unnamed Defendants. Such successors are liable for the occurrences,

9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

damages, and injuries alleged herein to the same extent its predecessors are liable for the alleged occurrences, damages and injuries.

7. Plaintiff alleges that Defendants acted as the employers and/or joint employers of Plaintiff, and that they shared control of Plaintiff as an employee, either directly or indirectly. This control includes, but is not limited to, the authority to hire and fire, assign work tasks, engage in day-to-day supervision of employees, and controlling employee records.

8. Plaintiff alleges that Defendants were the alter-egos of one or more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting for their own benefit and/or the benefit of one or more of the remaining named and/or unnamed Defendants. Plaintiff alleges that Defendants were acting on behalf of each other in the establishment of, ratification of, and/or execution of the illegal practices and policies as set forth in this pleading. Plaintiff is further informed and believes, and thereon alleges that at all times relevant hereto Defendants had decision-making responsibility for, and establishment and execution of, illegal practices and policies for each other and are, therefore, liable on the causes of action herein.

9. Plaintiff is further informed and believes, and on that basis alleges that Defendants failed to adhere to corporate and legal formalities. Plaintiff is informed and believes, and based thereon alleges, that at all material times, one or more of each unnamed Defendants was in some fashion, by statute, law or otherwise, the agent, agency, branch, department or the like of one or more of the remaining named and/or unnamed Defendants for the acts alleged herein and was acting within that capacity.

10. Plaintiff is further informed and believes, and on that basis alleges that there exists such a unity of interest and ownership between Defendants that the individuality and separateness of those Defendants have ceased to exist. The business affairs of Defendants are, and at all times relevant hereto were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Defendants were used as mere shells and conduits for the conduct of certain of other Defendants' affairs. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves

9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

from liability to Plaintiff. Accordingly, Defendants constitute the alter egos of each other, and the fiction of their separate existence must be disregarded at law and in equity, because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

11. All conditions precedent (exhaustion of administrative remedies) to jurisdiction have been complied with. Plaintiff timely filed charges against Defendant with the California Department of Fair Employment and Housing ("DFEH") and has received a "Right to Sue" notice as to Defendant.

## GENERAL ALLEGATIONS

12. Plaintiff became employed by Defendants in or about 2015 as a millwright, and worked for Defendants until his wrongful constructive termination on or about May 1, 2019.

13. Throughout his employment with Defendants, Plaintiff performed his duties in a competent and satisfactory manner.

14. During Plaintiff's employment with Defendant, Plaintiff suffered from the disabilities of post-traumatic stress disorder, anxiety, and depression.

15. Plaintiff notified Defendants of his disabilities and need for reasonable accommodations, including leave. Plaintiff submitted doctor's notes to Defendant reflecting his disabilities and need for reasonable accommodations.

16. During Plaintiff's employment, Defendant's management, including Greg Leon, regularly made discriminatory and harassing comments about Plaintiff's disabilities. The discriminatory and harassing comments included but are not limited to calling Plaintiff weak minded, and accused him of following the voices in his head.

17. Plaintiff complained to Defendant's human resources department and management about the discriminatory and harassing treatment he was enduring while working for Defendants. Nothing was done to meaningfully address Plaintiff's complaints, and Plaintiff continued to be harassed, bullied and retaliated against.

18. Plaintiff's complaints to Defendant about the discriminatory and harassing treatment only resulted in the treatment worsening. Plaintiff pleaded with Defendant to address

9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

the mistreatment, and requested to be transferred to another work location, but was refused his request.

19. On or about May 1, 2019, Defendants retaliated against and wrongfully constructively terminated Plaintiff for having a disability, needing accommodations, requesting and taking protected leave, and for complaining of what he reasonably believed to be disability discrimination and harassment. Plaintiff was forced to constructively terminate as any reasonable person under the circumstances would have. Defendant's above described actions constitute adverse employment actions and caused the constructive termination of Plaintiff's employment, causing damages in an amount to be determined at trial.

## FIRST CAUSE OF ACTION

## DISABILITY DISCRIMINATION IN VIOLATION OF FEHA

**(Against Defendant and DOES 1 through 35, inclusive)**

20. Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

21. At all times mentioned in this Complaint, the California Fair Employment and Housing Act ("FEHA"), *Government Code* §§ 12940 *et seq.*, was in full force and effect and was binding on Defendants, and each of them. These sections required Defendants, and each of them, to refrain from discriminating against Plaintiff on the basis of his disability.

22. Plaintiff could perform the essential functions of his position with the reasonable accommodation. As such, Plaintiff was a qualified disabled person within the meaning of FEHA.

23. Defendants, and each of them, were aware of Plaintiff's disabilities and/or condition related to disabilities as set forth above, because Plaintiff informed Defendants of his disabilities/ disability related conditions.

24. At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of his position with a reasonable accommodation for Plaintiff's disabilities. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other person's

9255 Sunset Blvd., Ste 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

health and/or safety, nor would it have created an undue hardship to the operation of Defendants' business.

25. Defendants constructively terminated Plaintiff because of his disabilities and its perceptions regarding his disabilities, among other unlawful reasons.

26. By engaging in the above referenced acts and omissions, Defendants, and each of them, discriminated against Plaintiff because of his disability in violation of *Government Code* §§ 12940 *et seq.*

27. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

28. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

29. Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

30. The acts and conduct of Defendants, and each of them, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in *Civil Code* § 3294(c), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

31. The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors, or managing agents of the company. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

32. Plaintiff is entitled to attorneys' fees pursuant to *Government Code* § 12965.

**SECOND CAUSE OF ACTION**

**FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF FEHA**

**(Against Defendant and DOES 1 through 35, inclusive)**

33. As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

34. Pursuant to *Government Code* § 12940(n), Defendants, and each of them, were required to engage in a good faith interactive process with Plaintiff to determine the extent of his disability and/or condition related to his disability and how it could be reasonably accommodated.

35. Plaintiff was at all times ready and willing to engage in the good faith interactive process mandated by *Government Code* § 12940(n). However, Defendants, and each of them, failed to engage in said good faith interactive process with Plaintiff.

36. On or about May 1, 2019, Defendants constructively terminated Plaintiff's employment as a direct result of Defendants' failure to engage in any good faith interactive process, among other unlawful reasons.

37. By engaging in the above referenced acts and omissions, Defendants, and each of them, discriminated against Plaintiff because of his disability in violation of *Government Code* §§ 12940 *et seq*.

38. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain economic damages in lost earnings and other employment benefits in an amount according to proof.

39. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain non-economic damages and emotional distress.

40. Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

41. The acts and conduct of Defendants, and each of them, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in *Civil Code* § 3294(c), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

42. The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors, or managing agents of the company. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

43. Plaintiff is entitled to attorneys' fees pursuant to *Government Code* § 12965.

**THIRD CAUSE OF ACTION**

**FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF FEHA**

**(Against Defendant and DOES 1 through 35, inclusive)**

44. As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

45. Pursuant to *Government Code* § 12940(m) and 12945(c), Defendants, and each of them, were required to reasonably accommodate Plaintiff's disability/medical condition. Instead of reasonably accommodating Plaintiff, Defendants terminated Plaintiff for no legitimate reason.

46. On or about May 1, 2019, Defendants wrongfully constructively terminated Plaintiff's employment as a direct result of Defendants' failure to accommodate Plaintiff's known disabilities and/or condition related to disabilities, among other unlawful reasons.

47. By engaging in the above referenced acts and omissions, Defendants, and each of

9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel. (310) 273-3180
Fax: (310) 273-6137

them, discriminated against Plaintiff because of his disability/medical condition in violation of *Government Code* §§ 12940 *et seq.*

48. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain economic damages in lost earnings and other employment benefits in an amount according to proof.

49. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain non-economic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, hypoglycemic, depression, and humiliation.

50. Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

51. The acts and conduct of Defendants, and each of them, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in *Civil Code* § 3294(c), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

52. The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors, or managing agents of the company. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

53. Plaintiff is entitled to attorneys' fees pursuant to *Government Code* § 12965.

## FOURTH CAUSE OF ACTION

## HARASSMENT IN VIOLATION OF FEHA

(Against Defendants, and DOES 1 through 35, inclusive)

54. As a separate and distinct cause of action, Plaintiff complains and realleges all the

9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

55. At all times mentioned in this Complaint, the California Fair Employment and Housing Act ("FEHA") and *Government Code* §§ 12940 *et seq.*, were in full force and effect and was binding on Defendants, and each of them. These sections required Defendants, and each of them, to refrain from harassing Plaintiff and/or creating a hostile work environment, on account of disability.

56. By engaging in the above-referenced acts and omissions, Defendants, and each of them, allowed Plaintiff to be harassed, creating a hostile work environment based upon disability in violation of Government Code §§ 12940 et seq.

57. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

58. As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including, but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

59. The acts and conduct of Defendants, and each of them, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in *Civil Code* § 3294(c), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

60. The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors, or managing agents of the company. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part

9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

61. Plaintiff is entitled to attorneys' fees pursuant to *Government Code* §12965.

**FIFTH CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF FEHA**

**(Against Defendant and DOES 1 through 35, inclusive)**

62. As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

63. At all times mentioned in this Complaint, the California Fair Employment and Housing Act ("FEHA"), *Government Code* §§ 12940 *et seq.*, was in full force and effect and was binding on Defendants, and each of them. These sections required Defendants, and each of them, to refrain from retaliating against Plaintiff because he participated in a protected activity.

64. Plaintiff participated in the protected activities of requesting and/or receiving reasonable accommodation for his disability, including requesting leave because of his disability, and complained of disability and race discrimination.

65. Defendants, and each of them, terminated Plaintiff because he had requested and/or received reasonable accommodation and leave for his disability, and because he complained about what he reasonably believed to be national origin and disability discrimination.

66. By engaging in the above referenced acts and omissions, Defendants, and each of them, retaliated against Plaintiff because he participated in protected activities in violation of *Government Code* §§ 12940 *et seq.*

67. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

68. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and

9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

continues to sustain noneconomic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

69. Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

70. The acts and conduct of Defendants, and each of them, including, but not limited to, Messa, Mahboudi-Fardi and Wall, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in *Civil Code* § 3294(c), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

71. The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors, or managing agents of the company, including, but not limited to, Messa, Mahboudi-Fardi and Wall. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

72. Plaintiff is entitled to attorneys' fees pursuant to *Government Code* § 12965.

**SIXTH CAUSE OF ACTION**

**FAILURE TO MAINTAIN AN ENVIRONMENT FREE FROM DISCRIMINATION AND RETALIATION**

**(Against Defendant and DOES 1 through 35, inclusive)**

73. As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

74. At all times mentioned in this Complaint, the California Fair Employment and

9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

Housing Act ("FEHA"), *Government Code* §§ 12940 *et seq.*, was in full force and effect and was binding on Defendants, and each of them. These sections required Defendants, and each of them, to take all reasonable steps to maintain a workplace environment free from unlawful discrimination and retaliation.

75. Defendants and each of them, inclusive embarked on a campaign of discrimination and retaliation against Plaintiff because of his disability, perceived disability, and because he requested reasonable accommodation and leave and took protected leave. Defendants' failure to take all reasonable steps to prevent the above-described discrimination and retaliation suffered by Plaintiff was a substantial factor in causing damage and injury to Plaintiff as alleged herein.

76. By engaging in the above referenced acts and omissions, Defendants, and each of them, failed to take all reasonable steps to maintain a workplace environment free from unlawful discrimination and retaliation in violation of *Government Code* §§ 12940 *et seq.*

77. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

78. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain noneconomic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

79. Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

80. The acts and conduct of Defendants, and each of them, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in *Civil Code* § 3294(c), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

81. The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers,

9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel. (310) 273-3180
Fax: (310) 273-6137

directors, or managing agents of the company. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

82. Plaintiff is entitled to attorneys' fees pursuant to *Government Code* § 12965.

**SEVENTH CAUSE OF ACTION**

**WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY**

**(Against Defendant and DOES 1 through 35, inclusive)**

83. As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

84. At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California *Government Code* § 12940 was to prohibit employers from discriminating, harassing and retaliating against any individual based on disability. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in discriminating against, retaliating against and constructively terminating Plaintiff on the grounds stated above was wrongful and in contravention and violation of the express public policy of the State of California, to wit, the policy set forth in California *Government Code* § 12940 *et seq.*, and the laws and regulations promulgated thereunder.

85. The actions alleged above caused Plaintiff to be constructively discharged from his employment, in that any reasonable person in Plaintiff's position subject to those actions would have resigned or quit their employment, as Plaintiff was compelled to do. Defendants knew or should have known that Plaintiff's resignation would result from its actions.

86. Plaintiff's constructive termination occurred in violation of fundamental public policies of the State of California, including, but not limited to, the right to not be retaliated

9255 Sunset Blvd., Ste 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

against pursuant to California in California *Government Code* § 12940. These public policies inure to the benefit of the public, not just the private interests of the employer and employee, because all individuals within the State are afforded these rights.

87. Defendants' discharge of Plaintiff on or about May 1, 2019, violated the aforementioned fundamental principles of public policy in that there is a substantial and fundamental policy against disability discrimination, national origin discrimination, and retaliation in employment as delineated in the FEHA.

88. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

89. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain noneconomic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

90. Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

91. The acts and conduct of Defendants, and each of them, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in *Civil Code* § 3294(c), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

92. The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors, or managing agents of the company. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows:

1. For economic damages according to proof;
2. For non-economic damages according to proof;
3. For prejudgment interest;
4. For an award of exemplary and punitive damages according to proof;
5. For reasonable attorneys' fees, including fees pursuant to *Government Code* § 12965(b), and *Code of Civil Procedure* §1021.5;
6. Penalties and premiums available under applicable law;
7. For costs of suit herein incurred;
8. For injunctive and declaratory relief; and
9. For such other relief as the court deems proper.

DATED: July 23, 2020

KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.

By ______________________

Douglas N. Silverstein, Esq.
Lauren Morrison, Esq.
Attorneys for Plaintiff JOHN HOLMAN

9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all issues so triable in the Complaint.

DATED: July 23, 2020

KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.

By ______________________________
Douglas N. Silverstein, Esq.
Lauren Morrison, Esq.
Attorneys for Plaintiff JOHN HOLMAN

9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED

2020 JUL 23 P 3:30

KATE BIEKER
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA
BY: B. POOL DEPUTY CLERK

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
C&H SUGAR COMPANY, INC., a Delaware Corporation and DOES 1 through 35, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
JOHN HOLMAN, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Wakefield Taylor Courthouse
725 Court Street
Martinez, CA 94553

CASE NUMBER: *(Número del Caso):* C20-01383

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C. (310) 273-3180 (310) 273-6137
9255 Sunset Boulevard, Suite 411
Los Angeles, California 90069-3309

DATE: *(Fecha)* JUL 23 2020 Clerk, by *(Secretario)* B. POOL, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: C&H SUGAR COMPANY, INC., a Delaware Corporation

under: [X] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:

4. [ ] by personal delivery on *(date)*:

# EXHIBIT C

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Douglas N. Silverstein, Esq. (SBN 181957)
Lauren Morrison, Esq. (SBN 266135)
KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.
9255 Sunset Boulevard, Suite 411
Los Angeles, California 90069-3309
TELEPHONE NO.: (310) 273-3180 FAX NO.: (310) 273-6137
ATTORNEY FOR (Name): Plaintiff JOHN HOLMAN

FOR COURT USE ONLY

FILED
2020 JUL 23 P 3:29
KATE BIEKER
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA
BY: E. POOL DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: SAME AS ABOVE
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

CASE NAME: John Holman v C&H SUGAR COMPANY, INC.

COPY

## CIVIL CASE COVER SHEET

| | | |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | **Complex Case Designation** [ ] Counter [ ] Joinder — Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) |

CASE NUMBER: C20-01383
JUDGE:
DEPT:

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [X] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify)*: Seven (7)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 23, 2020
Lauren Morrison, Esq.
(TYPE OR PRINT NAME)

▶ L-M
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)—Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case—Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief from Late Claim
  - Other Civil Petition

# EXHIBIT D

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

HOLMAN VS C&H SUGAR COMPANY

NOTICE OF CASE MANAGEMENT CONFERENCE CIVMSC20-01383

1. NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE: 12/09/20 DEPT: 33 TIME: 8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES. ALL PARTIES SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY OF RECORD MUST APPEAR.

2. You may stipulate to an earlier Case Management Conference. If all parties agree to an early Case Management Conference, please contact the Court Clerk's Office at (925)608-1000 for Unlimited Civil and Limited Civil cases for assignment of an earlier date.

3. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference and to discuss the suitability of this case for the EASE Program, private mediation, binding or non-binding arbitration, and/or use of a Special Master.

4. At any Case Management Conference the court may make pretrial orders including the following:

a. an order establishing a discovery schedule
b. an order referring the case to arbitration
c. an order transferring the case to limited jurisdiction
d. an order dismissing fictitious defendants
e. an order scheduling exchange of expert witness information
f. an order setting subsequent conference and the trial date
g. an order consolidating cases
h. an order severing trial of cross-complaints or bifurcating issues
i. an order determining when demurrers and motions will be filed

SANCTIONS

If you do not file the Case Management Conference Questionnaire or attend the Case Management Conference or participate effectively in the Conference, the court may impose sanctions (including dismissal of the case and payment of money).

Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this action, and that I delivered or mailed a copy of this notice to the person representing the plaintiff/cross-complainant.

Dated: 07/23/20

BROOKE POOL
Deputy Clerk of the Court

# EXHIBIT E

ROBERT JOSEPH PIA (SBN: 115179)
LAW OFFICES OF ROBERT PIA
235 Pine Street Fl 15
San Francisco, CA 94104
Telephone: 415 743-2898
Voice Mail: 415 249-3890
Facsimile: 720 367-0521
E-mail: pialaw@earthlink.net

Attorney for Defendant
C&H SUGAR COMPANY, INC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF CONTRA COSTA - UNLIMITED

| | |
|---|---|
| JOHN HOLMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>C&H SUGAR COMPANY, INC., a Delaware Corporation and DOES 1-35, inclusive,<br><br>Defendants. | CASE NO. C20-01383<br><br>**ANSWER OF DEFENDANT C&H SUGAR COMPANY, INC. TO PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>[Assigned to Dept. 33 for All Purposes] |

Defendant C&H SUGAR COMPANY, INC. (referred to below as "C&H") hereby responds to Plaintiff's Complaint for Damages filed July 23, 2020 (the "Complaint") as follows:

**GENERAL DENIAL**

Pursuant to Code of Civil Procedure §431.30(d), C&H denies every allegation of the Complaint, and specifically denies plaintiff is entitled to any sum or sums or any relief from or against C&H.

///

///

**DEFENSES**

Pursuant to Code of Civil Procedure §431.30(g), C&H is informed and believes, and thereon alleges, that each of the following defenses is applicable to each of the causes of action of the Complaint:

AS A FIRST AND SEPARATE DEFENSE, C&H states that the purported causes of action alleged against C&H fail to state facts sufficient to constitute a cause of action against C&H. C&H further states the facts alleged are insufficient to constitute a cause of action against C&H either under the California Fair Employment and Housing Act ("FEHA") or under common law. C&H makes the foregoing allegations for purposes of notice to plaintiff, and not to shift plaintiff's burden of proof as to the facts, the elements of each cause of action, or the burden of persuasion as to the applicable law.

AS A SECOND AND SEPARATE DEFENSE, C&H states that plaintiff's purported causes of action against C&H are barred by applicable statutes of limitations, including without limitation, by Government Code §§12960(d), 12960(e), 12965(b), and subsections (d)(1), (d)(2), (e)(1), and/or (e)(2) of §12965, as applicable, all such sections as amended and in effect as of the times plaintiff's various causes of action arose, expired, and became time-barred, by Code of Civil Procedure §§335.1 and 340 (including subsections (a) and (c) of §340), by 42 USC §§2000e--5(e) (1) and 5(f)(1) through (f)(5), as applicable, by 29 CFR 1601.28 (including subsections (a)(1) through (a)(4) and (e)(1), as applicable) and by the case law regarding the statute(s) of limitations applicable to plaintiff's claim or claims against C&H.

AS A THIRD AND SEPARATE DEFENSE, C&H states the Court is without jurisdiction or the Complaint is otherwise barred against C&H based on the failure by plaintiff to exhaust administrative remedies as against C&H as to the facts and causes of action alleged in the Complaint. C&H further states the administrative complaint filed by plaintiff with the California

Department of Employment and Housing ("DFEH") fails to state sufficient charging allegations to support the Complaint, and contains other material defects, such as alleging adverse employment actions were taken by C&H against plaintiff. C&H further states the allegations in the Complaint exceed the scope of the allegations of the administrative complaint.

AS A FOURTH AND SEPARATE DEFENSE, C&H states plaintiff's causes of action and claims for damages against C&H are barred by the doctrine of avoidable consequences. C&H further states that, to the extent plaintiff suffered any of the harm alleged in the Complaint, the doctrine of avoidable consequences is applicable in that: C&H took reasonable steps to prevent and correct any workplace discrimination, harassment, and/or retaliation; plaintiff unreasonably delayed and failed to use and/or cooperate with preventive and corrective measures that C&H provided; timely and reasonable use by plaintiff and his cooperation with C&H's procedures would have prevented all or part of the harm allegedly suffered by plaintiff.

AS A FIFTH AND SEPARATE DEFENSE, C&H states plaintiff failed to properly mitigate any damages he may have suffered, and as a result of such failure to mitigate, any damages must be barred or reduced accordingly.

AS A SIXTH AND SEPARATE DEFENSE, C&H states plaintiff has failed to state facts sufficient to support a claim for punitive or exemplary damages against C&H. C&H makes the foregoing allegations for purposes of notice to plaintiff, and not to shift plaintiff's burden of proof as to the facts and elements required for such damages or his burden of persuasion as to the applicable law.

AS A SEVENTH AND SEPARATE DEFENSE, C&H states the Constitutions of the United States and the state of California bar any claim for punitive damages as against C&H. C&H further states the punitive damages sought by plaintiff are unconstitutional as against C&H under the due process clauses of the United States Constitution and/or the California

Constitution, pursuant to the 14th Amendment of the United States Constitution and Article 1, Section 7 of the California Constitution.

AS AN EIGHTH AND SEPARATE DEFENSE, C&H states the Complaint fails to state facts sufficient for a claim of compensatory damages (including emotional distress) against C&H to the extent plaintiff alleges any physical, mental or emotional injuries arising out of his employment. C&H further states that except for actual and unlawful (as opposed to merely perceived) discrimination, harassment and/or retaliation in employment, plaintiff's exclusive remedy for such alleged physical, mental or emotional damages lies under the California Workers' Compensation Act, California Labor Code §§3600, *et seq*., which preempts plaintiff's claims against C&H.

AS A NINTH AND SEPARATE DEFENSE, C&H states that the Complaint and its purported causes of action alleged against C&H are barred by the doctrine of estoppel in one or more of its forms, including without limitation, equitable estoppel, estoppel *in pais*, estoppel by conduct, estoppel by silence or inaction, estoppel by laches, estoppel by negligence, and judicial estoppel.

AS A TENTH AND SEPARATE DEFENSE, C&H states that the Complaint and its purported causes of action alleged against C&H are barred by the doctrine of unclean hands.

AS AN ELEVENTH AND SEPARATE DEFENSE, C&H states that as against C&H, the Complaint and its purported causes of action against C&H are barred by the doctrine of laches.

AS A TWELTH AND SEPARATE DEFENSE, C&H states that the Complaint and its purported causes of action against C&H are barred by the defense(s) of privilege, qualified or conditional privilege, or otherwise privileged conduct by C&H. Further, C&H is not liable for wrongful conduct by persons other than C&H or by persons for whom C&H is or was not legally responsible in the circumstances. Further, C&H's conduct and steps taken in investigating

plaintiff's belated report(s) or his complaint(s) and in taking remedial actions were privileged.

AS A THIRTEENTH AND SEPARATE DEFENSE, C&H states that the Complaint and its purported causes of action against C&H are barred to the extent plaintiff's own conduct caused or contributed to any harm or injury alleged by plaintiff.

AS A FOURTEENTH AND SEPARATE DEFENSE, C&H states that plaintiff's Complaint and causes of action against C&H are barred by the defense of consent.

AS A FIFTEENTH AND SEPARATE DEFENSE, C&H states if plaintiff were to prove his disability or any complaint about discrimination, harassment or retaliation was a substantially motivating factor for conduct by C&H, or if plaintiff contends he was subjected to any adverse employment action by C&H (which C&H denies), then plaintiff's claims would nonetheless be barred against C&H because such conduct or action would have occurred absent any such motive.

AS A SIXTEENTH AND SEPARATE DEFENSE, C&H states plaintiff's claim or claims are barred by the nature of the business and/or by the business necessity and job relatedness defense(s).

AS A SEVENTEENTH AND SEPARATE DEFENSE, C&H states that plaintiff's Complaint and causes of action against C&H are barred by the doctrine of waiver.

AS AN EIGHTEENTH AND SEPARATE DEFENSE, C&H states if plaintiff were entitled to any award, parties and persons other than C&H would be responsible for plaintiff's injuries and damages, if any. Accordingly, any award to plaintiff should not lie against C&H, and should be apportioned, reduced or extinguished as against C&H, by such conduct of other parties. C&H makes the foregoing allegations for purposes of notice to plaintiff, and not to shift plaintiff's burden of proof as to the facts or elements of each claim, issues of causation, or burden of persuasion as to the applicable law.

AS A NINETEENTH AND SEPARATE DEFENSE, C&H states any recovery by plaintiff for non-economic damages, if any, is limited by the provisions of Civil Code §§1431.1 and 1431.2.

AS A TWENTIETH AND SEPARATE DEFENSE, C&H states that one or more of plaintiff's claims in his causes of action against C&H, including without limitation one or more of his alleged items of damages, are barred by plaintiff's election of remedy and/or failure of prosecution, as to another charge, complaint or proceeding.

AS A TWENTY-FIRST AND SEPARATE DEFENSE, to the extent the vague, unspecific, and conclusory allegations of the Complaint raise the issue, C&H states that its reasonable job qualification standards are consistent with business necessity, which plaintiff could not meet after interactive process and reasonable accommodation by C&H. C&H makes the foregoing allegations for purposes of notice to plaintiff, and not to shift plaintiff's burden of proof as to the facts or elements of each claim, issues of causation, or burden of persuasion as to the applicable law.

AS A TWENTY-SECOND AND SEPARATE DEFENSE, to the extent the vague, unspecific, and conclusory allegations of the Complaint raise the issue, C&H states that prior to plaintiff’s resignation there were periods in which he posed a direct threat to the health or safety in the work place, including to himself, as demonstrated, without limitation to all relevant incidents or events, by multiple disability leaves of absence granted by C&H to plaintiff pursuant to the requests of plaintiff and his health care providers.

AS A TWENTY-THIRD AND SEPARATE DEFENSE, to the extent the vague, unspecific, and conclusory allegations of the Complaint raise the issue, C&H states that as to acts or omissions complained of by plaintiff, C&H had a legitimate, nondiscriminatory reason. C&H makes the foregoing allegations for purposes of notice to plaintiff, and not to shift plaintiff's

burden of proof as to the facts or elements of each claim, issues of causation, or burden of persuasion as to the applicable law.

AS A TWENTY-FOURTH AND SEPARATE DEFENSE, to the extent the vague, unspecific, and conclusory allegations of the Complaint raise the issue, C&H states that any accommodations that plaintiff can prove in his *prima facie* case may have seemed reasonable on the surface, then the desired accommodation would have imposed an undue hardship.

AS A TWENTY-FIFTH AND SEPARATE DEFENSE, to the extent the vague, unspecific, and conclusory allegations of the Complaint raise the issue, C&H states that any actions complained of by plaintiff, involving any authorized supervisor to whom plaintiff had a reporting relationship, arose from standard oversight of plaintiff's job performance and any resulting anxiety, stress, or emotional distress is not actionable. C&H makes the foregoing allegations for purposes of notice to plaintiff, and not to shift plaintiff's burden of proof as to the facts or elements of each claim, issues of causation, or burden of persuasion as to the applicable law.

AS A TWENTY-SIXTH AND SEPARATE DEFENSE, to the extent the vague, unspecific, and conclusory allegations of the Complaint raise the issue, C&H states that actions complained of by plaintiff arose from his own acts or omissions and are not actionable or any recovery should be reduced because of plaintiff's own neglect or fault. C&H makes the foregoing allegations for purposes of notice to plaintiff, and not to shift plaintiff's burden of proof as to the facts or elements of each claim, issues of causation, or burden of persuasion as to the applicable law.

AS A TWENTY-SEVENTH AND SEPARATE DEFENSE, to the extent the vague, unspecific, and conclusory allegations of the Complaint raise the issue, C&H states that one or more of plaintiff's claims may be barred or reduced by the after-acquired evidence doctrine.

AS A TWENTY-EIGHTH AND SEPARATE DEFENSE, to the extent the vague, unspecific, and conclusory allegations of the Complaint raise the issue, C&H states that actions or inactions about which plaintiff complains are not actionable because of bona fide occupational qualifications. C&H makes the foregoing allegations for purposes of notice to plaintiff, and not to shift plaintiff's burden of proof as to the facts or elements of each claim, issues of causation, or burden of persuasion as to the applicable law.

AS A TWENTY-NINTH AND SEPARATE DEFENSE, to the extent the vague, unspecific, and conclusory allegations of the Complaint raise the issue, C&H states that plaintiff’s claims may be barred or reduced by superseding, intervening cause(s) or causation. C&H makes the foregoing allegations for purposes of notice to plaintiff, and not to shift plaintiff's burden of proof as to the facts or elements of each claim, issues of causation, or burden of persuasion as to the applicable law.

AS A THIRTIETH AND SEPARATE DEFENSE, C&H states plaintiff failed to reasonably participate in C&H’s investigation(s) of plaintiff’s reports or complaints. C&H makes the foregoing allegations for purposes of notice to plaintiff, and not to shift plaintiff's burden of proof as to the facts or elements of each claim, issues of causation, or burden of persuasion as to the applicable law.

AS A THIRTY-FIRST AND SEPARATE DEFENSE, C&H states plaintiff failed to reasonably participate in the reasonable accommodation process. C&H makes the foregoing allegations for purposes of notice to plaintiff, and not to shift plaintiff's burden of proof as to the facts or elements of each claim, issues of causation, or burden of persuasion as to the applicable law.

AS A THIRTY-SECOND AND SEPARATE DEFENSE, C&H states plaintiff’s claims are barred or reduced by plaintiff’s ratification of the alleged acts or omissions he complains of

now.

AS A THIRTY-THIRD AND SEPARATE DEFENSE, C&H states the allegations of the Complaint against C&H are stated as mere conclusions or in conclusory terms without sufficiently alleging specific facts or alleging specific dates or times; therefore, C&H may not be able to completely or fully anticipate all of the defenses that may be applicable to plaintiff's claims. Proper notice of the substance or specifics of plaintiff's claims may that may later come to the attention of C&H or its counsel, including through information, disclosures, investigation and discovery in this case. Accordingly, C&H expressly reserves the right to assert additional defenses if the bases of such defenses become known to C&H.

WHEREFORE, C&H prays for judgment as follows:

1. That plaintiff take nothing by his Complaint against C&H, and that the Complaint be dismissed with prejudice;

2. For costs of suit and attorney's fees; and

3. For such other and further relief as may be supported by the facts and law and as the Court deems just and proper.

DATED: August 25, 2020

LAW OFFICES OF ROBERT PIA

By: ______________________
ROBERT JOSEPH PIA
Attorney for C&H SUGAR COMPANY, INC.

DECLARATION OF SERVICE BY MAIL

I am a citizen of the United States and am employed in the City and County of San Francisco, State of California. I am over the age of 18 years and not a party to the above-entitled action. My business address is 235 Pine Street, 15th Floor,, San Francisco, California 941041. On this date, I served the following pleading(s) and/or document(s) by placing true copies thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Post Office mail box at San Francisco, California, addressed in the manner set forth immediately below this declaration:

**ANSWER OF DEFENDANT C&H SUGAR COMPANY, INC.**
**TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: August 25, 2020

DECLARANT

**Attorneys for Plaintiff John Holman**

DOUGLAS N. SILVERSTEIN, ESQ.
LAUREN MORRISON, ESQ.
KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CA 90069-3309

655.1002

# EXHIBIT F

# Re: Holman v. C&H Sugar Company, Inc. (Settlement Privilege)

| | |
|---|---|
| **From:** | Brian Kesluk <Bkesluk@californialaborlawattorney.com> |
| **To:** | Robert Pia |
| **Subject:** | Re: Holman v. C&H Sugar Company, Inc. (Settlement Privilege) |
| **Date:** | Oct 24, 2019 8:43 AM |

Nevada

Sent from my iPhone

On Oct 24, 2019, at 8:07 AM, Robert Pia <pialaw@earthlink.net> wrote:

Thank you for the information and settlement demand, Brian.

I am on the road today and tomorrow, back Monday.

I am forwarding your email to C&H for discussion.

When you refer to "Carson City," are you referring to the city of that name in Nevada or "Carson" in the LA area?

Bob Pia
Direct: 415-743-2898
Cell: 415-308-3440
Vmail: 415-230-2733
Fax: 720-367-0521
http://www.martindale.com/Robert-Joseph-Pia/241614-lawyer.htm

> -----Original Message-----
> From: Brian Kesluk
> Sent: Oct 23, 2019 12:33 PM
> To: Robert Pia
> Subject: RE: Holman v. C&H Sugar Company, Inc. (Settlement Privilege)
>
> Bob,
>
> John Holman worked as a Millright for C and H making $30 an hour.
> With OT he was making approximately $100,000 annually.
> At C and H had a full package of benefits and a 401K with employer's contributions.
> He has attempted to mitigate his damages and was forced to take a job with a rehab construction contractor in Carson City.
> He now makes $20 an hour with no benefits as a general construction helper.
>
> Demand for settlement (pre-litigation) is $385,000.
> Should we be forced to file suit, our demand would increase significantly as this would be a "fees case" should we prevail.
>
> As discussed, I think John is a great guy and a credible witness. ( Don't think that about every

client)
However, I am always open to get input from a mutually respected third party mediator if your client is amenable.

Thanks

*Brian S. Kesluk, Esq.*
***Kesluk,Silverstein & Jacob, P.C.***
9255 Sunset Blvd. Ste. 411
Los Angeles, CA 90069
Phone (310) 273-3180 Fax (310) 273-6137
bkesluk@californialaborlawattorney.com

---

**From:** Robert Pia [mailto:pialaw@earthlink.net]
**Sent:** Wednesday, October 16, 2019 2:23 PM
**To:** Brian Kesluk <Bkesluk@californialaborlawattorney.com>
**Subject:** RE: Holman v. C&H Sugar Company, Inc. (Settlement Privilege)

It might be helpful for you and me to speak first. Good times for a call?

Bob Pia
Direct: 415-743-2898
Cell: 415-308-3440
Vmail: 415-230-2733
Fax: 720-367-0521
http://www.martindale.com/Robert-Joseph-Pia/241614-lawyer.htm

-----Original Message-----
From: Brian Kesluk
Sent: Oct 16, 2019 2:17 PM
To: Robert Pia
Subject: RE: Holman v. C&H Sugar Company, Inc. (Settlement Privilege)

Let me discuss with him and get back to you.

*Brian S. Kesluk, Esq.*
***Kesluk,Silverstein & Jacob, P.C.***
9255 Sunset Blvd. Ste. 411
Los Angeles, CA 90069
Phone (310) 273-3180 Fax (310) 273-6137
bkesluk@californialaborlawattorney.com

---

**From:** Robert Pia [mailto:pialaw@earthlink.net]
**Sent:** Wednesday, October 16, 2019 2:06 PM
**To:** Brian Kesluk <Bkesluk@californialaborlawattorney.com>
**Subject:** Holman v. C&H Sugar Company, Inc. (Settlement Privilege)

Brian,

Without addressing the substance of the facts and circumstances

alleged in your Oct. 12 email, C&H cannot evaluate whether it would be prudent to invest in pre-litigation mediation without first receiving a demand from Mr. Holman.

Mediation is expensive, and the parties should not be put to paying for ADR twice because, in my experience, the court will still expect or require participation in ADR after a lawsuit is filed, even after pre-litigation mediation has failed.

Does Mr. Holman have a demand?

When would be good times for me to call you to discuss the matter?

Bob Pia
Direct: 415-743-2898
Cell: 415-308-3440
Vmail: 415-230-2733
Fax: 720-367-0521
http://www.martindale.com/Robert-Joseph-Pia/241614-lawyer.htm

# EXHIBIT G

Search Facebook [redacted]

REDACTED



REDACTED

# John Holman

REDACTED

Timeline · About · Friends · Photos · Videos · More ▾ · Add Friend

**Do you know John?**
To see what he shares with friends, send him a friend request.
Add Friend

**Intro**
Studied at **Diablo Valley College**
Went to **Carondelet High School**
Lives in **Gardnerville Ranchos, Nevada**
From **Concord, California**
Married to **Raina Holman**

**Photos** See All



**Friends** See All

Privacy · Terms · Advertising · Ad Choices · Cookies · More · Facebook © 2020

---

**John Holman**
May 24




4
Like · Comment · Share

---

**John Holman**
May 23




11
Like · Comment · Share

---

**John Holman**
May 23
Watch the first video after going to this link.

ARMSTRONGECONOMICS.COM
**The 2020 Election | Armstrong Economics**

Like · Comment · Share

---

**John Holman**
May 23




2 · 9 Shares
Like · Comment · Share

---

**John Holman**
May 21

False Information
Checked by independent fact-checkers
See Why

See Photo

Arthur Fannin
May 21

6 · 2 Shares
Like · Comment · Share

**Related Articles**
Check Your Fact · Fact-Check
False: There is no evidence that Hillary Clinton ever said this statement
'Honest and can't be bought'

---

**John Holman** added a 3D photo.
May 21




6 · 1 Share
Like · Comment · Share

---

**John Holman**
May 19
We finally Got us An American Flag, my son [redacted] made sure it was put up with Honor.



29 · 7 Comments
Like · Comment · Share

---

**John Holman**
May 17
Loving it out here in NV



10 · 1 Comment
Like · Comment · Share

---

**John Holman**
May 17




1
Like · Comment · Share

---

**John Holman**
May 16




4
Like · Comment · Share

---

**John Holman**
May 16




Arthur Fannin
May 14

2
Like · Comment · Share

---

**John Holman**
May 16




MEDIA1.GIPHY.COM

3
Like · Comment · Share

---

**John Holman**
May 15




3 · 1 Share
Like · Comment · Share

---

**John Holman**
May 15




8 · 6 Shares
Like · Comment · Share

---

**John Holman**
May 15




4 · 2 Shares
Like · Comment · Share

---

**John Holman**
May 15

Sorry, we're having trouble playing this video.

2
Like · Comment · Share

---

**John Holman**
May 14




14 · 1 Comment 4 Shares
Like · Comment · Share

---

**John Holman**
May 13




7
Like · Comment · Share

# EXHIBIT H

Raina Holman | Facebook (page 2 of 2)

Search

REDACTED

## Intro

Lives in **Gardnerville, Nevada**

From **Vallejo, California**

Married to **John Holman**



## Photos

See All



**10 Prayers God Always Answers - School Of Life**

Learn More

7 · 2 Comments 1 Share

Like · Comment · Share

**Raina Holman** updated her status.

March 15 ·

**This content isn't available right now**

When this happens, it's usually because the owner only shared it with a small group of people, changed who can see it or it's been deleted.

11

Like · Comment · Share

**Raina Holman**

March 15 ·

Oh how I miss these two!!!!

**This content isn't available right now**

When this happens, it's usually because the owner only shared it with a small group of people, changed who can see it or it's been deleted.

13 · 1 Comment

Like · Comment · Share